EDWIN MANNING, Appellant, v. CATHERINE STOUT, Executrix.

**Estates of Decedents:** FILING CLAIMS. That the executor tells a creditor not to file his claim and he will pay it, an account being referred to, does not excuse filing a note of which the executor had no notice.

**Pleading and Practice.** Where a claimant pleads excuse for not filing a claim in time, the executor need not prove the date of his appointment.

*Appeal from Van Buren District Court.*—HON. E. L. BURTON, Judge.

THURSDAY, JANUARY 17, 1895.

This is a proceeding in probate to establish against the estate of Moses Stout, deceased, a claim based on an account and on a promissory note. The claim was allowed as to the account, but was disallowed as to the note. The plaintiff appeals.—*Affirmed.*

*Starr & Starr* for appellant.

*Wherry & Walker* for appellee.

Robinson, J.—It appears that Moses Stout died in the first half of the year 1890, and that his wife was appointed executrix of his estate. The claim in suit was filed on the thirtieth day of December, 1891. Notice of the appointment of the executrix was given in May, 1890. As the claim was filed more than one year after notice was given, it was barred by section 2421 of the Code, unless peculiar circumstances entitle the plaintiff to equitable relief. He contends that there are such circumstances, and the District Court found that to be

true as to the account, but not as to the note. It rendered judgment in favor of the defendant for the balance due on the account, and required the plaintiff to pay one-third of the costs.

I. The appellant contends that the evidence does not show when the notice of the appointment was given, and that, therefore, it does not appear that any part of his claim is barred by the statute. The petition alleges that the claim was not filed within the time required by law, and sets out matters which are claimed to excuse the delay. It also alleges that the notice of appointment was given in May, 1890. It is true the answer contains a general denial, but it also states affimatively that the claim was not filed as required by law, and that it is barred by the statute. It thus appears that there was no issue between the parties as to the fact that the claim was not filed within one year from the time the notice of the appointment of the executrix was given, and no question in regard to it was made on the trial. As the failure to file the claim within the statutory period was alleged in the petition, and in effect admitted and relied upon as a defense in the answer, there was no occasion to establish the fact by formal proof.

II. The appellant contends that the defendant, after her appointment as executrix, called on his agent, George Rambo, and stated that she wished to pay the claim, and asked that it be not filed. She admits having had a conversation with Rambo in regard to the claim at about the time stated, but insists that it was concerning the account only, and that she then had no knowledge of the note. Another employe of the plaintiff, named McCrary, claims to have had a conversation with the defendant on the same day. Neither one states that any special reference was made to the note, but say that they asked her

in regard to filing a claim against the estate.  On the thirteenth day of June, 1891, the defendant paid one hundred dollars on account.  Rambo states that he then asked her whether she desired to have it credited on the note or on the account.  He admits that he had not told her of the note, and there is nothing in the record which shows that she had any knowledge of it prior to that time.  She denies that she had any conversation with McCrary, and states that, when Rambo referred to the claim, he called it the "account."  She had sent to Rambo for a statement of what the estate was owing the plaintiff, and had been furnished a statement without any reference to the note.  She paid the one hundred dollars to apply on the account.  She says that, when she made the payment, she did not say on what she wished it to be applied, but merely said, "Here, George, is one hundred dollars, and I want a receipt;" that the money was applied on the account, and a receipt given for it; and that nothing was then said about the note.  At that time, more than a year had elapsed since the notice of the appointment was given.  The preponderance of the evidence shows that she did not know of the note until about the time the claim was filed, and that she was then surprised to hear of it, and denied all knowledge of it, and questioned its validity.  We are of the opinion that she did nothing which should have misled the plaintiff, and that no circumstances have been disclosed by the record which entitle him to equitable relief.  The filing of a claim for the note was not delayed in consequence of any promise of the defendant, but the delay seems to have been due to an oversight on the part of the plaintiff, or to a misunderstanding, which had no reasonable basis. We think that the action of the District Court in disallowing the note was right, and that the plaintiff has no

ground for complaining that a part of the costs were taxed to him.

As the defendant does not appeal, we have no occasion to determine whether the judgment was right as to her.—*Affirmed.*